IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELMON MIMS, JUANITA BOYD and JIMMIE BOYD, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.  17 cv 7391 |
| v. | ) ) ) | |
| CHICAGO POLICE SGT. GREGORY SLOYAN, STAR #823; CHICAGO POLICE OFFICER NICHOLAS RUMSA, STAR #13731; OTHER UNKNOWN CHICAGO POLICE OFFICERS; and THE CITY OF CHICAGO, a Municipal Corporation, | ) ) ) ) ) ) ) ) | JUDGE JORGE L. ALONSO<br><br>MAG. JUDGE MARIA VALDEZ<br><br>JURY DEMAND |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COME, the PLAINTIFFS, ELMON MIMS, JUANITA BOYD and JIMMIE BOYD, by and through their attorneys, JEFFREY J. NESLUND, LAW OFFICE OF JEFFREY J. NESLUND and in complaining of the DEFENDANTS, CHICAGO POLICE SGT. GREGORY SLOYAN, STAR #823; CHICAGO POLICE OFFICER NICHOLAS RUMSA, STAR #13731; OTHER UNKNOWN CHICAGO POLICE OFFICERS and THE CITY OF CHICAGO, a Municipal Corporation, state as follows:

**INTRODUCTION**

1. This is an action for civil damages brought under Illinois State law and 42 U.S.C. Sec. 1983 for the deprivation of PLAINTIFFS' constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

1

3. PLAINTIFFS, ELMON MIMS, JUANITA BOYD and JIMMIE BOYD are individuals who at all times relevant hereto were present in the Northern District of Illinois.

4. DEFENDANTS, CHICAGO POLICE SGT. GREGORY SLOYAN, STAR #823; CHICAGO POLICE OFFICER NICHOLAS RUMSA, STAR #13731; OTHER UNKNOWN CHICAGO POLICE OFFICERS, were at all times material hereto, duly appointed Chicago Police Officers employed by the City of Chicago acting in the capacity of sworn law enforcement officials.

5. The DEFENDANT, City of Chicago (hereinafter "CITY"), at all relevant times, was an Illinois Municipal Corporation, duly chartered and organized under the Laws of the State of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On October 17, 2015, Plaintiff MIMS was a 70 year old woman who owned and resided on the first floor of a two flat brick building located at 7827 S. Honore Street in Chicago, Illinois.

7. Plaintiff MIMS has owed the building located at 7827 S. Honore Street in Chicago, Illinois for over 40 years.

8. On October 17, 2015, Plaintiff JUANITA BOYD was a 61 year old woman who lived with her husband, 64 year old Plaintiff JIMMIE BOYD, on the second floor apartment located at 7827 S. Honore Street in Chicago, Illinois.

9. Plaintiffs JIMMIE and JUANITA BOYD had resided on the second floor apartment of 7827 S. Honore for approximately 10 years.

10. On or about October 16, 2015, Defendant OFFICER RUMSA fabricated false and misleading information attributable to a "John Doe" informant on an application for a search

warrant for an individual named William Green.

11. On information and believe, William Green resided at 7831 S. Honore at the time Defendant RUMSA fabricated information on the application and complaint for a search warrant.

12. On October 17, 2015, Defendant OFFICER RUMSA and OTHER UNKNOWN DEFENDANT OFFICERS, supervised by Defendant SGT. SLOYAN detained and arrested William Green who was in a vehicle in front of his home at 7831 S. Honore.

13. On information and belief, the Defendant OFFICERS searched William Green and obtained his identification as well as the keys to his apartment at 7831 S. Honore.

14. Despite the fact, the DEFENDANT OFFICERS already had William Green in custody, as well as the keys to his apartment at 7831 S. Honore, the DEFENDANT OFFICERS, supervised by Defendant SLOYAN, broke down the front door to the two flat brick building at 7827 S. Honore owned by Plaintiff MIMS.

15. Upon breaking down the front door of the building at 7827 S. Honore, Plaintiff MIMS came out of her first floor apartment, identified herself as the owner of the building and asked the DEFENDANT OFFICERS what was going on and who they were looking for. Plaintiff MIMS was ordered back into her apartment at gun point at which point the DEFENDANT OFFICERS proceeded upstairs and broke down the second floor apartment door and entered the apartment of Plaintiffs JUANITA and JIMMIE BOYD.

16. The DEFENDANT OFFICERS RUMSA and OTHER UNKNOWN DEFENDANT OFFICERS pointed automatic weapons at Plaintiffs JUANITA and JIMMIE BOYD and ordered them to get down on the ground.

17. As one DEFENDANT OFFICER kept an assault weapon pushed into Plaintiff

JIMMIE BOYD's side, OTHER UNKNOWN DEFENDANT OFFICERS entered the home with assault weapons and searched the apartment.

18. DEFENDANT OFFICERS searched Plaintiffs JIMMIE and JUANITA BOYD'S home including searching and breaking closets and drawers.

19. The police search of Plaintiffs JIMMIE and JUANITA BOYD'S home was excessive, and included removing clothing from closets, turning mattresses upside down, opening and breaking drawers and cabinets and moving personal items around.

20. The search of Plaintiffs JIMMIE and JUANITA BOYD'S home revealed no guns, no drugs or any other contraband.

21. Before the police left the scene, Plaintiff ELMON MIMS, asked who was in charge and spoke to Defendant SGT. SLOYAN. Plaintiff MIMS asked why they had to kick down doors because everyone was home. SGT. SLOYAN replied "that's not the type of warrant we had." Plaintiff MIMS also asked Defendant SGT. SLOYAN who was going to repair the doors, Defendant SGT. SLOYAN told her that she would "have to get her own board."

22. After the illegal search, seizure and destruction of Plaintiffs' property, the DEFENDANT OFFICERS subsequently released William Green without any criminal charges.

## COUNT I
### (42 U.S.C. §, Unlawful Search)

23. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

24. As more fully described above, Defendant OFFICERS entered and search Plaintiffs' homes without any legal justification, in violation of the Fourth Amendment to the United States' Constitution.

4

25. As a direct and proximate result of the illegal search of Plaintiffs' home they have suffered damages which will be proven at trial, including, but not limited to, property damage, property loss and emotional distress.

## COUNT II
### (42 U.S.C. § 1983, Unlawful Seizure)

26. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

27. As more fully described above, Defendant OFFICERS detained Plaintiffs while they unlawfully searched their homes without any legal justification to do so, in violation of the Fourth Amendment to the United States' Constitution.

28. As a direct and proximate result of the illegal seizures of Plaintiffs' persons they have suffered damages which will be proven at trial, including, but not limited to, property damage, property loss and emotional distress.

## COUNT III
### (42 U.S.C. § 1983, Supervisory Liability, Defendant SLOYAN)

29. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

30. As described above, Defendant SLOYAN, was present at the location when the Defendant OFFICERS broken into Plaintiffs' homes and conducted an unlawful search.

31. Defendant SLOYAN was a sergeant on the Chicago Police Department, and as such, it was his responsibility to supervise the conduct of the other officers who entered and searched Plaintiffs' homes.

32. Rather than properly supervising the UNKNOWN OFFICERS, Defendant SLOYAN condoned their unlawful behavior and approved of the search of Plaintiffs' homes.

33. As a direct and proximate result of Defendant SLOYAN's failure to supervise the other Defendant OFFICERS, Plaintiffs' homes were illegally entered and searched and they were detained unlawfully, and they suffered damages, which will be proven at trial.

## COUNT IV
**Plaintiff against Defendant RUMSA for
Unreasonable Procurement of a Search Warrant**

34. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

35. Plaintiffs are informed and believe that Defendant RUMSA procured a search warrant on or about October 16, 2015, identifying Plaintiffs' home at 7827 S. Honore as the premises to be searched and indicating that a William Green resided on the 2nd floor.

36. William Green did not reside at 7827 S. Honore or before October 16, 2015.

37. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    (a) In order to obtain the warrant, Defendant RUMSA, fabricated false and misleading information in the complaint and application for the warrant;

    (b) the Defendant relied upon a "John Doe" informant who had not previously provided reliable information in order to obtain the warrant;

    (c) the Defendant failed to independently verify information provided by the informant prior to obtaining the warrant;

    (d) the Defendant failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home or William Green's place of residence;

    (e) the Defendant failed to conduct a search of available databases for any

6

information connecting William Green to 7827 S. Honore, Chicago, Illinois;

   (f) the Defendant failed to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged informant and corroboration of that information or lack thereof;

   (g) the Defendant failed to conduct a search of available databases for information related to the identity of the owner and occupants of the residence, Plaintiff Elmon Mims, who has owed and resided at 7827 S. Honore, Chicago, Illinois for over 40 years.

  38. No reasonably well trained police officer in the position of RUMSA's would have applied for the search warrant obtained by RUMSA and it was done intentionally or with reckless disregard to the rights of Plaintiffs.

  39. As a result of RUMSA's unreasonable procurement of the search warrant, Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

  40. The procurement of the search warrant was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiffs' Fourth Amendment rights under the U.S. Constitution.

## COUNT V
### (Monell Claim)

  41. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

  42. At all relevant times, DEFENDANT CITY OF CHICAGO, by and through its employees and agents of the Chicago Police Department, maintained official policies, customs and practices that facilitated and condoned the DEFENDANTS' misconduct outlined above.

43. At all relevant times, the Chicago Police Department maintained a policy or custom of failing to discipline, supervise and control its officers and, in particular, independently corroborate alleged information obtained by "John Doe" informants in obtaining search warrants into private residences. By maintaining these policies or customs and practices, the Defendant CITY OF CHICAGO caused its officers to believe that they could engage in misconduct and illegal searches with impunity because their actions would never be thoroughly scrutinized.

44. Before the illegal search of the PLAINTIFFS' home and destruction of their personal property on October 17, 2015, policy makers for the City of Chicago knew that the Chicago Police Department's policies, customs and practices for disciplining, supervising and controlling its officers and, in particular, corroborating information from "John Doe" informants before executing search warrants in the homes of private citizens, were inadequate and caused police misconduct.

45. Defendant SGT. SLOYAN has been the subject of multiple federal lawsuits regarding illegal search and seizures of citizens based on false or fabricated information obtained in "John Doe" search warrants. Specifically, on March 28, 2012, DEFENDANT SLOYAN and other Chicago police officers executed a "John Doe" search warrant at 149 W. 74th Street in Chicago which resulted in the arrest and false criminal charges brought against a handyman who was doing work in the apartment. This resulted in a Federal lawsuit, 14 C 2157.

46. On August 31, 2012, DEFENDANT SLOYAN and other Chicago police officers executed a "John Doe" search warrant at 10525 S. Bensley which resulted in a federal lawsuit, 12 C 10056.

47. Both of these lawsuits settled and put the Defendant CITY on notice that their failed policies, practices and customs regarding fabricated or falsified "John Doe" search

warrants and Defendant SLOYAN's involvement in such misconduct. Despite the CITY's knowledge of the City's failed policies, practices and customs, the policymakers failed to take action to remedy these problems.

48. As a direct and proximate result of the DEFENDANT, THE CITY OF CHICAGO, and the Chicago Police Department's inadequate policies, customs and procedures for disciplining, supervising and controlling its officers and in particular the corroboration, preparation and execution of "John Doe" search warrants, and the policy makers failure to address these problems, Defendant SGT. SLOYAN and the DEFENDANT OFFICERS continued to engage in the misconduct outlined above resulting in the wrongful search, seizure and destruction of personal property as described above.

## COUNT VI
### (State Law Claim: Indemnification)

49. Plaintiffs repeat, re-allege and incorporate by reference the factual allegations above as fully set forth herein.

50. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

51. DEFENDANT OFFICERS are or were employees of the CITY of CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

## REQUEST FOR RELIEF

52. PLAINTIFFS, ELMON MIMS, JUANITA BOYD and JIMMIE BOYD, respectfully request that the Court:

    a. Enter a judgment in their favor and against all Defendants;

    b. Award compensatory damages against all Defendants;

      c.      Award attorney's fees and costs against all Defendants;

      d.      Award punitive damages against all Defendants;

      e.      Grant injunctive relief to prohibit the Defendant City's policies, practices and customs regarding John Doe search warrants outlined in Plaintiff's *Monell* claim (Count V);

      f.      Enjoin the City and its agents from engaging in any of the predicate acts forming the basis of the policy, custom, or practice described in Count V herein;

      g.      Order the City and its agents to adopt and implement policies and procedures that identify, correct, and prevent the unlawful conduct described in Count V herein that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States;

      h.      Appoint an independent monitor to oversee the City's adoption and implementation of the required policies and procedures and to report to the Court; and

      i.      Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFFS, ELMON MIMS, JUANITA BOYD and JIMMIE BOYD, demand a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

                          Respectfully submitted,

                          /s/ Jeffrey J. Neslund
                          JEFFREY J. NESLUND
                          Attorney for Plaintiffs

Jeffrey J. Neslund
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100